UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:23-cr-180-HES-JBT

NOAH MICHAEL URBAN
    aka "Sosa"
    aka "Elijah"
    aka "Gustavo Fring"
    aka "King Bob"

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, files this response in opposition to defendant's Motion for Revocation of Detention Order (Doc. 33). Since Magistrate Judge Toomey properly analyzed the information presented at the detention hearing and correctly applied the applicable statutory authority and the defendant has failed to identify any legitimate legal infirmity in the Magistrate Judge's detention order, this Court should deny the defendant's Motion and explicitly adopt the Magistrate Judge's order of pretrial detention.

### Factual and Procedural Summary

On December 20, 2024, a federal grand jury in Jacksonville returned a fourteen-count indictment against the defendant for violations of 18 U.S.C. §§ 1343 Conspiracy to Commit Wire Fraud, 1349 Wire Fraud, and 1028A(a)(1) Access Device Fraud. The indictment alleges that the Defendant used the name, credentials, and email

accounts of at least five victims in order to take money from the five victim's cryptocurrency accounts and then transfer that money to the Defendant's personal accounts. (Doc 1) These five victims lost more than $800,000 dollars as a result of the Defendant's alleged conduct. (Doc 1)

The Defendant was located at an Airbnb in Volusia County using an alias and was arrested on January 10. 2024. The United States moved for detention on the grounds that he was a serious risk to flee and a serious risk he will obstruct justice. A detention hearing took place on January 19, 2024, where the United States proffered evidence to Magistrate Judge Toomey explaining the reasons that there were no conditions of release that would reasonably assure the appearance of the Defendant as required and that the Defendant was a danger to the community. Magistrate Judge Toomey agreed with the United States and ordered the Defendant detained. (Doc. 26). Magistrate Judge Toomey listed factors in his order (Doc. 26) supporting detention to include:

1. Weight of Evidence against the Defendant is strong.

2. Subject to lengthy period of incarceration if convicted.

3. Lack of stable employment.

4. Lack of stable residence.

5. Use of alias(es) or false documents.

The Defendant argues that there are conditions of release that would be appropriate instead of detention and that the United States has not met its burden. It is the position of the United States that no conditions of release would be appropriate,

and that the United States clearly established that the Defendant was a serious risk of flight, a serious risk that the Defendant would obstruct justice, and that all the factors to be considered in the statute lead to the conclusion that the Defendant is a danger to the community.

## Memorandum of Law

### Standard of review

Title 18, United States Code, Section 3145(b) states in pertinent part:

> If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

The Magistrate Judge's pretrial detention order is subject to plenary review by this Court; the Court must undertake an independent review of the case, enter its own findings in writing, and set forth the reasons supporting its decision, making provisions as set forth in 18 U.S.C. § 3142(i)(1) to (4). *See United States v. Hurtado*, 779 F.2d 1467, 1480-81 (11th Cir. 1985) (citing, *inter alia*, *United States v. Beesley*, 601 F. Supp. 82, 83 (N.D. Ga. 1984); *United States v. Thibodeaux*, 663 F.2d 520 (5th Cir. 1981)). This "independent review" has been characterized as "*de novo* review." *See United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987) ("In *Hurtado*, we held that *de novo* review requires the court to exercise independent consideration of all facts properly before it and to include written findings of fact and a written statement of the reasons for the detention.").

Notably, *de novo* review does not require this Court to hold a *de novo* hearing – provided the Court exercises independent consideration of all the facts properly before it. *Gaviria*, 828 F.2d at 670*.; United States v. King*, 849 F.2d 485, 489-90 (11th Cir. 1988) (discussing *Hurtado* and *Gaviria*). Moreover, this Court is entitled to base its *de novo* review on proffered evidence rather than sworn testimony. *Gaviria*, 828 F.2d at 670 (finding no error where district court based its *de novo* review of detention order on the parties' memoranda of law and a transcript of the proceedings before the magistrate judge, in which both parties proffered evidence instead of presenting sworn testimony). *Cf. id.* at 669 (holding that "the government as well as the defense may proceed by proffering evidence subject to the discretion of the judicial officer presiding at the detention hearing" and observing that the legislative history of the Bail Reform Act indicates that Congress anticipated that "the use of sworn testimony [would] be the exception and not the rule").

The *King* court clarified the requirement that a district court engaged in *de novo* review of a magistrate judge's order of detention may enter written findings and a statement of reasons. Pursuant to *King*, based on a careful review of the pleadings and the evidence developed at the Magistrate Judge's detention hearing, this Court may determine that the Magistrate Judge's factual findings are supported, and his legal conclusions are correct. In that event, this Court may explicitly adopt the detention order, without entering its own written findings of fact and statement of reasons. *See King*, 849 F.2d at 490.

In the alternative, this Court may determine that additional evidence is

necessary or that factual issues remain unresolved and may conduct an evidentiary hearing. *Id.* at 490-91. Then, if this Court concludes that the additional evidence does not affect the validity of the Magistrate Judge's findings and conclusions, it may state its reasons and explicitly adopt the Magistrate Judge's order. *Id.* If this Court determines that pretrial detention is appropriate but disagrees with the Magistrate Judge's findings of fact or conclusions of law, the Court may adopt the Magistrate Judge's order; however, it must prepare a written order in which it specifies those portions of the Magistrate Judge's pretrial detention order which it finds either incorrect or unsupported by the evidence. *Id.* at 491.

### Defendant's Motion Should be Denied.

The Magistrate Judge's decision to detain the defendant was correct. A *de novo* review by this Court of the proffered information in light of the factors listed in § 3142(g)(1) through (4), support the Magistrate Judge's decision.

The Defendant in his motion argues that the court could have released the Defendant to the witnesses, (Defendant's parents) presented at the detention hearing as third-party custodians. However, even his own parents, presented obstacles in their ability to serve as such. For example, Defendant's father, Dr. Urban stated that among other things: The Defendant was living in various Airbnb's, did not have any employment whatsoever but was paying his father rent to live in a previous house, and was so intelligent that he could possibly use his father's Wi-Fi even if not being told the password. (Transcript of hearing, Doc. 35 pages 29-36). The Defendant's mother, Ms. Jennifer Walck stated that among other things: The Defendant would not follow

her rules and was kicked out of her home, that she did not trust him on computers, and that he was secretive. (Doc. 35 Pages 39-41). It was clear from the evidence that even the Defendant's own parents, witnesses provided by the Defendant himself, would be unable to deal with the Defendant if he was released.

The Defendant further argues that he was not deleting evidence when the FBI executed the search warrant on the residence, whereby finding all the evidence of the crimes listed in the indictment on his personal computer, but rather he was "putting a stronger encryption on an already encrypted computer" (Doc 33 Page 12). The Defendant's new assertion is even a stronger argument that he should be detained due to obstruction of justice. If the Defendant was "at least" deleting the files, it would tend to show he was abandoning them in the hopes of making sure that no one has access to them ever again. But the Defendant wanted to encrypt an already encrypted computer to ensure that the *Defendant* would still have access to all the encrypted information, but that the government would not have access to information. This is classic obstruction as defined by Black's Law Dictionary: to impede or hinder; to impose obstacles or impediments.

Magistrate Judge Toomey evaluated these factors and more when he concluded that the Defendant should be detained. Magistrate Judge Toomey listened to the proffer of the United States and the witnesses and argument presented by the Defendant and found that the Defendant should be detained for numerous reasons to include: the use of an alias, no employment history, when the Defendant came to court he said he had no address, telling pretrial services that he had no fixed address, the fact

that he declined to answer any questions about his financial situation, (which Magistrate Judge Toomey points out that he has a right to, but there is no explanation for how he is able to pay for rent, Airbnb's, and other personal property) the nature of the sophisticated crimes, communicating with co-conspirators after telling the United States he would not, not providing a urine sample, and overall having a pattern of not being straightforward and attempting to hide whatever situation is going on with the Defendant. (Doc. 35 page 45).

The United States agrees with Magistrate Judge Toomey's Order of Detention of the Defendant and respectfully requests the Defendant's motion be Denied.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:  JOHN CANNIZZARO
Assistant United States Attorney
Florida Bar No. 25790
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone:  (904) 301-6300
Facsimile:  (904) 301-6310
E-mail: john.cannizzaro@usdoj.gov

7

**United States v. Noah Michael Urban**        **CASE NO. 3:23-cr-180-HES-JBT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 28, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Kathryn E. Sheldon, Esq.

JOHN CANNIZZARO
Assistant United States Attorney

8